21-2118-cr
United States v. Stubbs

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:  JOHN M. WALKER, JR.,
    RAYMOND J. LOHIER, JR.,
    MYRNA PÉREZ,
        *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee,*

    v.                                                    No. 21-2118-cr

TORREN STUBBS,

    *Defendant-Appellant.*\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:    Larry Sheehan, Law Offices of Lawrence Sheehan, Bronx, NY

FOR APPELLEE:    Samuel L. Raymond, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Torren Stubbs appeals from an August 30, 2021 judgment of the United States District Court for the Southern District of New York (Román, J.) convicting him of two counts — one count each of Hobbs Act Robbery and Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 — and sentencing him principally to concurrent terms of 80 months' imprisonment for each count, followed by concurrent terms of 3 years' supervised release.   Stubbs mainly argues that his sentence is procedurally unreasonable because the District Court erred in failing to apply a minor role adjustment under § 3B1.2(b) of the

2

Sentencing Guidelines.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

A defendant is eligible for a two-level decrease in his offense level if he "is less culpable than most other participants in the criminal activity" but played a "role [that] could not be described as minimal."   U.S.S.G. § 3B1.2(b), cmt. n.3(A) & n.5.   A defendant's "culpability [must] be gauged relative to the elements of the offense of conviction, not simply relative to co-perpetrators."   United States v. Ajmal, 67 F.3d 12, 18 (2d Cir. 1995) (quotation marks omitted).   Whether a defendant is a minor participant is a "highly fact-intensive" inquiry.   United States v. Kerr, 752 F.3d 206, 223 (2d Cir. 2014) (quotation marks omitted). Relevant factors listed in the Sentencing Guidelines commentary include:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

3

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C). A "defendant must prove by a preponderance of the evidence that she is entitled to a minor role adjustment." United States v. Castaño, 234 F.3d 111, 113 (2d Cir. 2000). We review a district court's decision to apply or decline to apply a Guidelines adjustment "using a deferential abuse-of-discretion standard." Kerr, 752 F.3d at 222 (quotation marks omitted).

Stubbs argues that he was entitled to a minor role adjustment because he was neither aware that his co-conspirators would use a weapon during the robbery nor "present during the physical act of the robbery and shooting." Appellant's Br. 9. We are not persuaded. First, during his plea colloquy Stubbs stated that he knew that the robbery might involve the use of force when he helped plan it.[1] Second, a defendant who plans a crime without directly carrying it out himself is not, without more, entitled to a minor role adjustment. See United States v. Ravelo, 370 F.3d 266, 270 (2d Cir. 2004) ("[T]he district court

---

[1] On appeal, Stubbs again concedes that "[h]e was . . . part of the planning stage," Appellant's Br. 9, which is a relevant factor in determining whether he played a minor role, U.S.S.G. § 3B1.2 cmt. n.3(C)(ii).

did not abuse its discretion in declining to characterize [the defendant's] role in the assault crime as 'minor'[,] . . . even if he did not commit or intend to commit the assault himself."). Nor do the factors listed in the Sentencing Guidelines commentary above, four out of five of which do not turn on a defendant's physical presence at the crime, support Stubbs's argument. See U.S.S.G. § 3B1.2 cmt. n.3(C). Accordingly, the District Court did not err in declining to apply a minor-role reduction.

We have considered Stubbs's remaining arguments, including that his sentence is also substantively unreasonable, and conclude that they are without merit.[2] For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We are troubled by the quality of the brief submitted to this Court by Stubbs's attorney. Although the brief was not ineffective, we expect better quality briefing from counsel who appear before our Court.